UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HICKORY FARMS, LLC, a foreign limited liability company,<br><br>Defendant. | No. 2:26-cv-2025<br><br>DEFENDANT HICKORY FARMS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION<br><br>[King County Superior Court Case No. 26-2-15375-2 SEA] |

PLEASE TAKE NOTICE THAT Defendant HICKORY FARMS, LLC ("Defendant") gives notice that it is removing the above-captioned case to the United States District Court for the Western District of Washington. In accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453 Defendant hereby removes the state court action styled *Matthew Wildman v. Hickory Farms, LLC*, Case No. 26-2-15375-2 SEA, filed in the Superior Court of the State of Washington in and for the County of King. In further support of its removal, Defendant states as follows:

## I. PROCEDURAL BACKGROUND

1. On May 8, 2026, Plaintiff Matthew Wildman ("Plaintiff") filed his putative Class Action Complaint for damages in the Superior Court for King County, Washington, *Matthew Wildman v. Hickory Farms, LLC*, Case No. 26-2-15375-2 SEA.

2. A copy of Plaintiff's Complaint is attached as **Attachment A**. LCR 101(b)(1).



**Taft Stettinius & Hollister LLP**
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576

3. Defendant denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class. For purposes of the jurisdictional requirements *for removal only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

## II. TIMELINESS OF REMOVAL

4. Defendant Hickory Farms, LLC was served with a copy of the Summons and Complaint on May 11, 2026.

5. No further proceedings have occurred in the state court.

6. Pursuant to 28 U.S.C. § 1446(b)(l), this Notice of Removal is timely because it was filed within 30 days after service of the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *see also* Fed. R. Civ. P. 6(a)(1)(c). No previous Notice of Removal has been filed or made with this Court for the relief herein.

## III. VENUE

7. This Court is in the district and division "embracing the place where such [State Court] action is pending." 28 U.S.C. § 1441(a).

8. Removal is proper to the Western District of Washington at Seattle because it is the district and division embracing King County, Washington.

## IV. GROUNDS FOR REMOVAL

9. This Court has jurisdiction over this matter, and it is properly removed in accordance with 28 U.S.C. §§ 1332 and 1441 and all claims asserted against Defendant pursuant to the Class Action Fairness Act of 2005 ("CAFA").

10. In the Complaint, styled as a class action, Plaintiff contends that Defendant violated the Washington Commercial Electronic Mail Act ("CEMA"), Chapter 19.190.020 RCW, and the Washington Consumer Protection Act ("CPA"), Chapter 19.86.020 RCW, by sending emails with misleading or false subject lines to Washington consumers for the commercial purpose of marketing Defendant's products.



**Taft Stettinius & Hollister LLP**
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576

11. The proposed putative class consists of "All Washington residents who, during the Class Period, received a commercial email sent by the Defendant, on behalf of the Defendant, or with the Defendant's assistance, that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion." (Compl. ¶ 134.) The Complaint identifies numerous emails allegedly sent between 2022 and 2025 that allegedly violate CEMA and CPA.

12. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

**A. The Putative Class Consists of More than 100 Members.**

13. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

14. Plaintiff seeks to certify a class of "All Washington residents who, during the Class Period, received a commercial email sent by the Defendant, on behalf of the Defendant, or with the Defendant's assistance, that contained messaging in the email subject line which misrepresented the facts of a sale, deal or promotion." (Compl. ¶ 134.) Plaintiff claims that "The Class is so numerous that joinder of all members is impracticable because the Class is estimated to minimally contain thousands of members." (*Id.* at ¶ 138.)

15. Accordingly, while Defendant denies that class treatment is permissible or appropriate, Plaintiff's Complaint confirms that the putative class contains more than 100 members.

**B. Diversity of Citizenship Exists between Defendant Hickory Farms and Plaintiff.**

16. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).



Taft Stettinius & Hollister LLP
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576

17. In general, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC, like a partnership, is a citizen of every state of which its owners/members are citizens); *Hein v. Crash Champions, LLC*, No. C24-1176 LK TSZ, 2024 U.S. Dist. LEXIS 193775, at *3 (W.D. Wash. Oct. 24, 2024) (same).

18. For purposes of removal under CAFA, however, the citizenship of a limited liability company is analyzed as an "unincorporated association" under 28 U.S.C. § 1332(d)(10). *Jack v. Ring*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021); *see also Goddard v. Jubilant Hollisterstier*, LLC, No. 2:23-CV-0004-TOR, 2023 WL 3020494, at *2 (E.D. Wash. Apr. 20, 2023) (same). CAFA states "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

19. Here, under 28 U.S.C. § 1332(d)(10), Defendant is deemed to be a citizen of the State of Illinois and the State of Delaware, because at all relevant times Defendant has been and is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

20. On the other hand, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff Matthew Wildman is a resident of King County, Washington. (Compl. ¶ 10.) Moreover, Plaintiff seeks to certify a class of "Washington residents who . . . received a commercial email . . . ." (*Id.* at ¶ 134.)

21. Because Plaintiff and putative class members are citizens of Washington, and Defendant is a citizen of Delaware and Illinois, CAFA's diversity-of-citizenship requirement is satisfied.[1]

---

[1] Even if § 1332(d)(10) did not apply, complete diversity would exist because Defendant would be deemed a citizen of Illinois and Puerto Rico under traditional diversity principles. This is because Defendant's sole member is Hickory Farms Holdings, LLC. Hickory Farms Holdings, LLC's members, in turn, are Cathexis Holdings IV, LP and Promise



Taft Stettinius & Hollister LLP
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576

**C. The Amount in Controversy Exceeds $5,000,000.**

22. Although Defendant denies that Plaintiff's claims have any merit, Defendant avers, for purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail on every claim and allegation in the Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

23. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

24. Plaintiff seeks to recover "actual or liquidated damages, trebled," and attorney's fees. (Compl. at p. 27 (Prayer for Relief ¶ C).) Plaintiff alleges entitlement to "the greater of Plaintiff's actual damages or liquidated damages of $500 per violation, trebled." (Compl. ¶ 161.) Plaintiff seeks $500 in statutory damages per violative email sent by Hickory Farms.

25. The Complaint alleges that Defendant sent 538 emails per year (from 2023 to 2025) that allegedly violated CEMA, including examples spanning from 2022 through 2025. Plaintiff also alleges that the class consists of thousands of consumers. (Compl. ¶ 138.) Accepting as true (again, purely for removal purposes) Plaintiff's allegation that each of these thousands of consumers is entitled to $500 for each allegedly violative email, then the amount in controversy requirement is readily satisfied (i.e. 2,000 people x 538 emails x 4 years x $500 = $2,152,000,000.00).

26. Plaintiff further seeks treble damages under the CPA. (Compl. ¶ 161.) Based on this request, the amount in controversy requirement is more than satisfied.

---

Holdings LLC. The sole member of Promise Holdings LLC is Gordon Liao, who is a citizen of Illinois. The sole member of Cathexis Holdings IV, LP is Cathexis Holdings II, LLC. The sole member of Cathexis Holdings II, LLC is Cathexis Holdings V, LP. The members of Cathexis Holdings V, LP are Cathexis Holdings V GP LLC and Fond II LLC. The sole member of Cathexis Holdings V GP LLC and Found II LLC is William Bruce Harrison, who is a citizen of Puerto Rico. Hickory Farms is thus a citizen of Illinois and Puerto Rico under this alternative analysis.



Taft Stettinius & Hollister LLP
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576

27. An award of statutory attorney fees "can be taken into account in determining the amount in controversy." *Goldberg v. CPC Intern. Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). Under Washington law, attorney fee awards are assessed using the lodestar methodology, which takes into account the number of hours reasonably expended on a case, not the amount of recovery. *See, e.g. Zink v. City of Mesa*, 17 Wash. App. 2d 701, 714-15, 487 P.3d 902, 909 (2021). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F.Supp.2d 967, 973 (N.D. Cal. 2001) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)). Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000. This amount further increases the amount in controversy above CAFA's threshold.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

28. Consistent with 28 U.S.C. § 1446, Defendant provides this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

29. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complete state court docket sheet, all pleadings, motions, orders and other filings, organized in chronological order by the state court filing date, and verified by undersigned, are attached to this Notice of Removal as **Attachment B**. LCR 101(b)(1).

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Plaintiff and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of King County.

31. A copy of the Plaintiff's Jury Demand filed in the Superior Court of King County is attached hereto as **Attachment C**. LCR 101(b)(3).

32. A civil cover sheet is attached hereto as **Attachment D**. LCR 101(b)(4).



**Taft Stettinius & Hollister LLP**
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576

33. Defendant's Corporate Disclosure Statement, identifying the citizenship of Defendant and its members, is being filed contemporaneously with the filing of this Notice of Removal. LCR 7.1; LCR 101(e).

34. Defendant has complied with the statutory requirements and all applicable local rules for the Western District of Washington regarding this Notice of Removal.

35. Because Defendant has shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies and justifies remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden, as no exceptions apply to this action. Defendant expressly reserves its right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

## V. NON-WAIVER OF DEFENSES

36. By removing this action, Defendant does not waive any defenses available to it and does not admit any of the allegations in Plaintiff's Complaint.

## VI. CONCLUSION

37. In sum, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action that is a "class action" within the meaning of § 1332(d)(1)(B);

b) The action involves a putative class of at least 100 members, as required by § 1332(d)(5)(B);

c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

d) At least one member of the putative class is a citizen of a state different from that of any defendant, as required by § 1332(d)(2)(A).

38. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.



**Taft Stettinius & Hollister LLP**
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576

DATED this 10th day of June 2026.

TAFT STETTINIUS & HOLLISTER LLP

By *s/ Blair C. Carter*

Blair C. Carter, WSBA #40977
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone (719) 475-2440
E-mail: bcarter@taftlaw.com
*Attorney for Defendant Hickory Farms, LLC*

## CERTIFICATE OF SERVICE

I, hereby certify under penalty of perjury under the laws of the State of Washington that, on the 10th day of June, that on this day I caused a copy of the foregoing Notice of Removal to be served upon the following:

Samuel J. Strauss
Raina C. Borrelli
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

☐ Messenger
☐ U.S. Mail, postage prepaid
☐ Federal Express
☐ Facsimile
☐ **Via Court ECF**
☒ Email (Per E-Service Agreement)

Lynn A. Toops
Natalie A. Lyons
Ian R. Bensberg
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

☐ Messenger
☐ U.S. Mail, postage prepaid
☐ Federal Express
☐ Facsimile
☐ **Via Court ECF**
☒ Email (Per E-Service Agreement)

Gerard J. Stranch, IV
Michael C. Tackeff
Andrew Murray
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

☐ Messenger
☐ U.S. Mail, postage prepaid
☐ Federal Express
☐ Facsimile
☐ **Via Court ECF**
☒ Email (Per E-Service Agreement)

*Attorneys for Plaintiff and the Putative Class*



**Taft Stettinius & Hollister LLP**
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576

DATED this 10th day of June, 2026.

*s/ Alexandria J. Guthrie*
Alexandria J. Guthrie, Paralegal



**Taft Stettinius & Hollister LLP**
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
Facsimile: 719.635.4576