**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HICKORY FARMS, LLC,<br><br>Defendant. | Case No.: 2:26-cv-02025−LK<br><br>Honorable Judge Lauren King<br><br>PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f) |

## I. INTRODUCTION

Pursuant to this Court's Order on June 23, 2026, Dkt. 11, Plaintiff Matthew Wildman ("Plaintiff") and Defendant Hickory Farms, LLC ("Defendant"), present this Joint Status Report, pursuant to Fed. R. Civ. P. 26(f). The Parties conferred by videoconference on July 9, 2026, in a Rule 26(f) conference about the topics recited in this report.

## II. JOINT STATUS REPORT

### 1. A statement of the nature and complexity of the case.

This is a proposed class action case originally filed on May 8, 2026, in Washington Superior Court, King County (Case No. 26-2-15375-2 SEA). The case was removed to this Court by Defendant on June 10, 2026, Dkt. 1.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Plaintiff has pled claims against Defendant on behalf of himself and proposed class members under the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.020. *See generally* Class Action Complaint, Dkt. 1-1. Plaintiff alleges, in summary, that Defendant engages in a pattern of spamming Plaintiff and putative class members with emails containing "false time scarcity" messages in the emails' subject headings, as to deals, sales and/or pricing on its products. *Id*. at ¶¶ 30-120. As pled by Plaintiff, these deceptive and/or false messages regarding the availability of deals or pricing violate CEMA's prohibition against knowingly sending emails that contain "false or misleading information in the subject line," which likewise constitutes a per se violation of the CPA. *Id*. at ¶¶ 152-161.

Defendant's Position: Defendant denies all liability and contends that its email marketing practices do not violate CEMA or the CPA. This case presents emerging and unresolved issues, including those relating to limitations on statutory damages calculations, which may narrow or eliminate Plaintiff's claims. Additionally, currently before the Ninth Circuit are two appeals that will bear directly on the claims and arguments presented in this case: *Montes v. SPARC Group, LLC*, No. 23-35496 (9th Cir.) ("*Montes I*"), which addresses whether a CPA claim requires allegations of actual economic loss; and *Montes v. Penney OpCo, LLC*, Nos. 25-8045 & 26-241 (9th Cir.) ("*Montes II*") (collectively, the "*Montes* Appeals"), which addresses whether a CEMA violation confers a concrete injury-in-fact sufficient to establish Article III standing. The outcomes of the *Montes* Appeals will affect not just the instant action but also most, if not all, 183 class actions currently pending in the Western and Eastern Districts of Washington, filed under CEMA and CPA with almost identical fact patterns (many of which were also filed by Plaintiff's counsel and seven (7) of which involve the same Plaintiff, *see* ¶ 6(h) below).



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**2. A statement of whether an ADR method (mediation, arbitration, or other) should be attempted prior to a determination of the class certification issues. If the parties believe there should be no ADR at this time, the reasons for that belief should be stated.**

The Parties have agreed to privately mediate on October 6, 2026. The Parties have stipulated to stay the case pending mediation and have proposed filing a Joint Status Report after the mediation concludes.

**3. Proposed deadline for amending the pleadings and joining additional parties.**

The Parties propose that the deadline to amend the pleadings and join additional parties will be due **90 days** prior to the close of discovery.

**4. A statement of whether either party anticipates filing a dispositive motion within the next three months.**

Plaintiff's Position: Plaintiff does not anticipate filing a dispositive motion within the next three months. Plaintiff intends to oppose any such motion filed by Defendant. Unless and until the Court orders otherwise, Plaintiff proposes that discovery proceed under the schedule set by the Court.

Defendant's Position: Should the parties' October 6, 2026 mediation prove unsuccessful, Defendant anticipates filing a motion to dismiss the Complaint or, in the alternative, motion for stay pending the *Montes* Appeals. *See supra* ¶1.

**5. A proposed deadline for the filing of the motion for class certification. The parties shall propose an agreed briefing schedule for the class certification motion and, if applicable, for any anticipated dispositive motions.**

Plaintiff's Position: Plaintiff anticipates filing a Motion for Class Certification of this matter, after the close of discovery.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Plaintiff proposes that the Motion be filed **30 days after the close of discovery**, with Defendant's response due on or before **45 days** after the Motion is filed, and Plaintiff's reply in further support due on or before **30 days** after the filing of a response.

Plaintiff proposes that any dispositive motions be filed on or before **90 days** before the trial date, unless otherwise ordered by the Court. Briefing schedules shall proceed under LCR 7(d) unless otherwise ordered.

Defendant's Position: *See supra* Sections 1, 4, and 6(b). If the Court declines to stay discovery pending the *Montes* Appeals, Defendant proposes that discovery be bifurcated into two phases: (1) a class certification phase addressing only issues relevant to class certification under Fed. R. Civ. P. 23; and (2) a merits phase, if necessary, following the Court's ruling on class certification. Plaintiff's Motion for Class Certification should be filed 30 days after the close of the first phase of discovery. Defendant agrees with Plaintiff's remaining proposed briefing schedule concerning the Motion and any dispositive motions.

**6. Discovery Plan pursuant to FRCP 26(f)(3) and Local Civil Rule 26(f)(1).**

**a. Initial disclosures.**

The Parties exchanged their initial disclosures on August 4, 2026, pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement in Class Actions. Dkt. 11.

**b. Subjects, timing, and potential phasing of discovery.**

Plaintiff's Position: Plaintiff seeks discovery regarding Defendant's email marketing campaigns, all interactions with Plaintiff, documents concerning Defendant's selection of subject headings for emails sent to Washington consumers, and records demonstrating that Defendant knew its emails were being sent to solicit consumers located in Washington. Additional discovery topics include (1) Defendant's knowledge of and involvement in the deceptive email practices



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

alleged in the operative Complaint; (2) the identity and actions of agents of Defendant who were involved in crafting the practices alleged in the operative Complaint; (3) the scope and extent of the proposed Classes; (4) all evidence relating to the email communications at issue; (5) all data showing how the email subject headings affected sales; (6) any defenses; and (7) related communications and records in Defendant's possession.

Plaintiff opposes any phasing of discovery as it is often impossible to differentiate what discovery relates to the merits and what relates to class certification (often because it's frequently both). Phasing can also be inefficient because it could mean that a person is deposed in the class certification phase and then again in the merits phase. It also frequently leads to more disputes and more burden on this Court to resolve those disputes. Plaintiff is willing to consider any request by Defendant to delay responding to specific requests or interrogatories until after class certification, but Plaintiff does not agree to a discovery plan that would provide for separate and discrete class and merits discovery phases.

Plaintiff believes discovery should be completed **<u>90 days</u>** prior to the date of the trial.

<u>Defendant's Position</u>: The Parties have stipulated to stay the case pending mediation, which is scheduled for October 6, 2026. If mediation is unsuccessful, Defendant seeks to stay discovery pending the Ninth Circuit's decisions in the *Montes* Appeals. *See supra* ¶ 1. The outcomes of the *Montes* Appeals will bear directly on the viability of Plaintiff's claims and Defendant's defenses, including whether a CPA claim requires actual economic loss (*Montes I*) and whether a CEMA violation confers Article III standing (*Montes II*). Courts in the Western and Eastern Districts have granted stays pending the *Montes* Appeals. *See, e.g., Shahpur v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 2:25-cv-00284-RLP, Dkt. 86 (E.D. Wash. July 2, 2026) (granting motion to stay pending resolution of *Montes* Appeals); *Talley v. Everlane, Inc.*, No. 2:26-cv-00007-KKE, Dkt. 28 (W.D. Wash. June 12, 2026) (staying case pending resolution of *Montes II*); *Wood v. Omaha Steaks Int'l,*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

*LLC*, No. 2:26-cv-01317-TSZ, Dkt. 15 (W.D. Wash. Apr. 27, 2026) (sua sponte stay pending *Montes* Appeals); *Harrington v. Vineyard Vines LLC*, No. 2:25-cv-01115-TSZ, Dkt. 64 (W.D. Wash. Apr. 17, 2026) (same); *Kempf v. Fullbeauty Brands Ops. LLC*, No. 2:25-cv-01141-TSZ, Dkt. 63 (W.D. Wash. Apr. 17, 2026) (same); *Perdomo v. Fullbeauty Brands Ops. LLC*, No. 3:25-cv-05844-TSZ, Dkt. 28 (W.D. Wash. Apr. 17, 2026) (same); *Helms v. SelectBlinds LLC*, No. 3:26-cv-05315, Dkt. 23 (W.D. Wash. Aug. 4, 2026) (granting stipulated motion to stay pending *Montes II*).

Should the mediation prove unsuccessful and the Court declines to stay discovery pending the *Montes* Appeals, Defendant proposes that discovery be bifurcated into two phases: (1) a class certification phase addressing only issues relevant to class certification under Fed. R. Civ. P. 23; and (2) a merits phase, if necessary, following the Court's ruling on class certification. Defendant anticipates seeking discovery regarding Plaintiff's alleged injuries, including but not limited to issues relating to his actual receipt and review of the emails at issue, his knowledge of Defendant's email marketing practices, and any communications he had with Plaintiff's counsel prior to filing this action. Defendant will also seek discovery relevant to class certification issues, including but not limited to whether the proposed class can be ascertained, whether common questions predominate, and whether Plaintiff is an adequate class representative. Defendant reserves the right to seek discovery on defenses, including lack of knowledge that email recipients were Washington residents, and the truthfulness of the subject lines at issue.

**c. Privilege issues.**

The Parties will submit a proposed Stipulated Protective Order that will provide an agreed procedure for handling confidentiality designations in this matter, including inadvertent production of privileged and/or protected material. The Parties will use the Court's model stipulated protective order, with agreed revisions, in submitting their proposed stipulation, and, if



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

any changes are proposed to the model stipulated protective order, the Parties will abide by the Court's rules in submitting.

The Parties are unaware of any unique or specific issues of privilege in this case and will confer in good faith on negotiating a Stipulated Protective Order. The Parties further agree to efficiently address assertions of privilege, including through the production of privilege logs.

**d. Proposed limitations on discovery.**

Plaintiff's Position: Plaintiff does not anticipate the need for any changes or limitations on discovery beyond those provided in the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court. Plaintiff reserves the right to seek modifications in the future, including additional interrogatories or depositions if necessary.

Defendant's Position: *See supra* Sections 1 and 6(b). If the case proceeds to discovery, Defendant proposes the following limitations: (a) the parties should be limited to five (5) depositions per side prior to class certification, with at least five (5) additional depositions permitted for merits discovery after the class is certified; (b) ESI discovery should be limited to specifically identified custodians and date ranges, with proportionality considerations applied consistent with Fed. R. Civ. P. 26(b)(1); (c) discovery requests seeking "all documents" or "all communications" should be narrowed to specific subject matters reasonably calculated to lead to the discovery of admissible evidence; and (d) the parties should negotiate keyword search terms and sampling protocols before any large-scale ESI production. These limitations are appropriate given the potential for this case to be resolved on threshold legal issues and the substantial burden that unconstrained discovery would impose.

**e. The need for any discovery related orders.**

The Parties do not anticipate the need for any discovery-related orders at this time but will seek Court intervention on discovery-related issues if necessary.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**f. Prompt case resolution.**

The Parties will work efficiently to resolve any disputed issues in this case and believe that it is too early to assess prompt case resolution at this point.

**g. Alternative Dispute Resolution.**

The Parties agree that private mediation would likely suit the needs of this case, should this case proceed beyond the pleadings.

Defendant's Position: *See supra* ¶2.

**h. Related cases.**

Defendant filed a Notice of Related Cases on June 25, 2026, identifying *Matthew Wildman v. LCT OpCo*, LLC, Case No. 2:26-cv-01767-RAJ; *Matthew Wildman v. Boscov's Department Store, LLC*, Case No. 2:26-cv-01952-JNW; *Matthew Wildman v. Lenox Corporation*, Case No. 2:26-cv-02056-RAJ; *Matthew Wildman v. Cookunity, Inc.*, Case No. 2:26-cv-02063-JHC; *Matthew Wildman v. Motorola Mobility, LLC*, Case No. 2:26-cv-02121-SKV; and *Matthew Wildman v. Philadelphia Inquirer, LLC*, Case No. 2:26-cv-02162-LK. Since filing, Plaintiff has filed an additional identical case, *Tolentino v. Office Depot LLC*, No. 2:26-cv-02350-RAJ.

**i. Discovery management.**

Plaintiff's Position: Plaintiff intends to adhere to the discovery procedures as set forth in the Federal Rules of Civil Procedure and the Local Civil Rules. No discovery has been served to date. If discovery proceeds or the Parties voluntarily agree to share information, the Parties intend to take discovery on the claims and defenses asserted in the operative pleadings. The Parties also intend to cooperate in managing discovery efficiently. The Parties will request case management conferences as needed with the Court to move discovery forward.

Defendant's Position: On July 10, 2026, Plaintiff served his First Set of Requests for Production, Interrogatories, and Requests for Admission ("Plaintiff's Written Discovery



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Requests”). Pursuant to an agreement between the Parties, Defendant provided certain information in exchange for Plaintiff’s agreement to stay Defendant’s obligations to respond to Plaintiff’s Written Discovery Requests. Additionally, the Parties have stipulated to stay the case pending mediation, which is scheduled for October 6, 2026. The Parties have proposed filing a Joint Status Report after the mediation concludes.

**j. Phasing motions.**

Plaintiff’s Position: Plaintiff refers to his statement filed above in Section 6(b) regarding phasing motions.

Defendant’s Position: Should the October 6 mediation prove unsuccessful, Defendant contends that phased discovery is appropriate in this class action. Defendant intends to file a motion to dismiss, or in the alternative, a motion for stay pending the 9th Circuit’s decisions from the *Montes* Appeals. *See supra* ¶1. Should the Court deny Defendant’s motion to dismiss or motion to stay, Defendant proposes that discovery be limited to class certification issues until a class is certified.

**k. Preservation of discoverable information.**

The Parties are aware of their respective preservation obligations. At this time, there are no issues on the preservation of discoverable information.

**l. Model Protocol for Discovery of ESI and alternatives to Model Protocol.**

If discovery proceeds or the Parties voluntarily agree to share information, the Parties anticipate the exchange of some Electronically Stored Information (“ESI”) and are currently negotiating a modified version of the Model Protocol for Discovery of ESI. The Parties agree that all discoverable ESI will be preserved and that, to identify discoverable ESI, the Parties will work cooperatively to determine the location of ESI and whether ESI should be produced in native or other formats.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

The Parties agree to abide by the Local Civil Rule 26(f)(1)(J) if alternatives need to be made to the Model Protocol and will meet and confer to agree on any alternatives submitted as a stipulation.

**7. Whether the case should be bifurcated; e.g., by trying the liability issues before the damages issues; or bifurcated in any other way.**

Plaintiff's Position**:** Plaintiff opposes any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter. *See* 6(b) above.

Defendant's Position: Defendant requests bifurcation of discovery and contends that class certification and merits discovery should be conducted in separate phases. This approach is warranted because: (1) Defendant intends to raise substantial challenges to class certification, including that individualized inquiries will be required to determine class membership, establish knowledge of Washington residency, and assess whether each email subject line was false or misleading; (2) merits discovery in this putative class action would be extensive and costly, including review of years of email marketing campaigns, and such discovery may be unnecessary if the class is not certified; and (3) the threshold legal issues presented by Defendant's anticipated motion to dismiss may substantially narrow or eliminate the claims. Courts regularly bifurcate discovery in class actions to promote efficiency.

**8. If bifurcated discovery is proposed, the date by which discovery related to class certification issues can be completed. If bifurcation is not proposed, the date by which all remaining discovery can be completed.**

Plaintiff's Position: Plaintiff opposes any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter. *See* 7 above. Plaintiff believes discovery should be completed



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

by **<u>May 21, 2027</u>**, or **<u>90 days</u>** prior to the date of the trial, whichever date the Court selects in its scheduling order.

<u>Defendant's Position</u>: Defendant does not agree to Plaintiff's proposed blanket discovery deadline at this time. Defendant contends that discovery deadlines should be set only after the parties have completed the mediation set for October 6, 2026, and after the Court rules on Defendant's anticipated motion to dismiss and/or stay. If the motion is denied, Defendant proposes phased discovery with separate deadlines for class-certification discovery and merits discovery, with merits discovery commencing only after the Court's ruling on class certification. This approach is consistent with the interests of judicial economy and avoids imposing unnecessary and costly discovery burdens on the parties. Defendant proposes that Class Certification Discovery closes by May 10, 2027. Defendant proposes that all remaining discovery be closed by December 1, 2027.

**9. Any other suggestions for shortening or simplifying the case.**

<u>Plaintiff's Position</u>: Plaintiff does not currently have other suggestions for simplifying or shortening the case.

<u>Defendant's Position</u>: Given the numerous unresolved and pending issues in this jurisdiction with near-identical fact patterns and allegations, Defendant suggests that the Court consider a bellwether approach, allowing common legal issues pending before the 9th Circuit in the *Montes* Appeals to be resolved before moving forward with discovery in this action. Defendant preserves all defenses, including preemption and constitutional challenges, for appellate review.

\\

\\

\\



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**10. Two alternative trial dates: (a) the date the case will be ready for trial if a class is not certified; and (b) the date the case will be ready for trial if a class is certified.**

If the class(es) are not certified, this case will be ready for trial within **120 days** of the Court's ruling denying certification of the class(es). If the class(es) are certified, this case will be ready for trial within **180 days** of the Court's ruling granting certification of the class(es).

**11. Whether the trial will be jury or non−jury.**

Plaintiff has requested a trial by jury.

**12. Two alternative estimates on the length of trial: (a) the number of trial days required if a class is not certified; and (b) the number of trial days required if a class is certified.**

Plaintiff's Position:

Class(es) are not certified: 4-5 days

Class(es) are certified: 7 days

Defendant's Position: Defendant cannot estimate the number of trial days at this time. The length of trial will depend on whether a class is certified, the scope of any certified class, and whether the case proceeds as individual claims or as a class action. If the case proceeds as a certified class action involving years of email marketing campaigns and thousands of putative class members, trial could require up to ten days. If no class is certified, Defendant proposes three days for trial.

\\

\\

\\

\\

\\

\\



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**13. The names, addresses, and telephone numbers of all trial counsel.**

<u>Counsel for Plaintiff:</u>

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli (pro hac vice)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops (*pro hac vice*)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com

Michael C. Tackeff (*pro hac vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
mtackeff@stranchlaw.com

<u>Counsel for Defendant:</u>

Blair C. Carter, WSBA #40977
**TAFT STETTINIUS & HOLLISTER LLP**
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
bcarter@taftlaw.com

Matthew Albaugh (*pro hac vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
Telephone: 317.713.3490
malbaugh@taftlaw.com

Elizabeth Winkowski (*pro hac vice*)
Sophie E.H. Rayzor (*pro hac vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
Telephone: 312.527.4000
ewinkowski@taftlaw.com
srayzor@taftlaw.com

**14. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All named defendants have been served in this case.

**15. Whether any party wishes a conference with the Court before the entry of any order pursuant to Rule 16 or setting of a preliminary schedule for this case.**

The Parties do not request a scheduling conference before entry of a scheduling order. If the Court believes a scheduling conference would be helpful, the Parties are available to attend.

**16. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendant filed its Rule 7.1 disclosure statement on June 10, 2026. Dkt. 2.

FRCP 7.1 and Local Civil Rule 7.1 do not apply to individuals and thus do not apply to Plaintiff.

**17. A certification that all parties have reviewed Judge King's Standing Order for All Civil Cases, the Local Rules, and the applicable Electronic Filing Procedures.**

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971

*Counsel for Plaintiff*

*/s/ Blair C. Carter (w/ permission)*
Blair C. Carter, WSBA #40977

*Counsel for Defendant*

**18. A certification that all parties have reviewed and complied with Judge King's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.**

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971

*Counsel for Plaintiff*

*/s/ Blair C. Carter (w/ permission)*
Blair C. Carter, WSBA #40977

*Counsel for Defendant*

*[Counsel signatures to follow on next page.]*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

RESPECTFULLY SUBMITTED AND DATED this 18th day of August, 2026, by:

/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops (*pro hac vice*)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com

Michael C. Tackeff (*pro hac vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
mtackeff@stranchlaw.com

*Counsel for Plaintiff and the Putative Class*

/s/ Blair C. Carter
Blair C. Carter, WSBA #40977
**TAFT STETTINIUS & HOLLISTER LLP**
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone: 719.475.2440
bcarter@taftlaw.com

Matthew Albaugh (*pro hac vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
Telephone: 317.713.3490
malbaugh@taftlaw.com

Elizabeth Winkowski (*pro hac vice*)
Sophie E.H. Rayzor (*pro hac vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
111 East Wacker, Suite 2600
Chicago, IL 60601-4208
Telephone: 312.527.4000
ewinkowski@taftlaw.com
srayzor@taftlaw.com

*Counsel for Defendant*
*Hickory Farms LLC*

**CERTIFICATE OF SERVICE**

I, Samuel J. Strauss, hereby certify that on August 18, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

RESPECTFULLY SUBMITTED this 18th day of August, 2026.

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com